UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE N. WALKER, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3079 |
| | ) | |
| WANDA PENNOCK, et al., | ) | |
|     Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013).

Plaintiff alleges that he was required to take and pass two polygraphs in order to remain in sex offender therapy treatment at the Rushville Treatment and Detention Center. According to Plaintiff, no other similarly situated residents were required to pass two polygraph exams in order to remain in treatment.

Plaintiff passed the first polygraph exam in December 2009. However, Plaintiff failed to second polygraph exam in March 2010. Plaintiff appealed the March finding by attempting to mail an appeal by certified mail. Defendant Pennock, a mailroom employee at the

time, allegedly initially refused to send Plaintiff's appeal by certified mail.  However, Plaintiff eventually did receive a receipt showing that the appeal had been delivered by certified mail on August 10, 2013.  (Compl. Ex. C9).  In June, 2011, Defendant Jumper wrote Plaintiff that Plaintiff's appeal was untimely but that the committee would allow Plaintiff to pursue his appeal anyway.  (Compl. Ex. B8).  Plaintiff has filed motions in his sexually violent proceedings in state court to obtain the data underlying the March polygraph.  The state court has ordered at least some of that documentation to be produced.  (Compl. Ex. L, 11/20/12 letter from Assistant Attorney General).

In June 2010, Plaintiff withdrew his consent for treatment based on the unfair polygraph test and also based on Defendant Oberhausen's approach to leading the group therapy.  Oberhausen's therapy style allegedly resulted in adversarial, unhealthy, and unproductive group sessions.  In addition to allowing a hostile environment, Oberhausen also allegedly required Plaintiff to say and think what Oberhausen wanted Plaintiff to say and think before Plaintiff could progress in treatment.

Plaintiff filed complaints with the U.S. Postal Service and the Schuler County Sheriff's Office regarding what Plaintiff perceived as Defendant Pennock's intentional mishandling and interference with Plaintiff's attempt to mail his polygraph appeal by certified mail. Defendant Pennock allegedly refused to notarize the complaint against herself and initially refused to mail out the complaint. Plaintiff also filed a grievance with the Illinois Polygraph Society. Neither the Sheriff's Office nor the Postal Service took any action against Pennock. (Compl. Ex 9, 1/4/11 letter from postal inspector). Whether the Polygraph Society responded to the merits of Plaintiff's complaints is unclear, but the Society did ask for more information.

Plaintiff filed this lawsuit on April 1, 2013, and an amended complaint on April 15, 2013. Plaintiff asks this Court to expunge the results of the March 2010 polygraph, award punitive and compensatory damages, and modify the mail procedures at the facility.

ANALYSIS

Plaintiff's federal claims arise under 42 U.S.C. § 1983, which borrows Illinois' two-year statute of limitations. <u>Woods v. Illinois</u>

Dept. of Children and Family Serv., 710 F.3d 762, 768 (7th Cir. 2013)("To sum up, we reiterate our holding that the limitations period applicable to all § 1983 claims brought in Illinois is two years, . . . ."). That means that Plaintiff had two years from the accrual of his federal claims to file a lawsuit. The statute of limitations is an affirmative defense which must be pled and proved by the defendant, but dismissal at this stage is appropriate if the defense is plainly obvious from Plaintiff's own allegations. *See* Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

Plaintiff's federal claims accrued when he knew of his injury and had the ability to file a lawsuit about the injury. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006)("'First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury.' . . . That is the date the plaintiff knew or should have known that his constitutional rights had been violated.")(quoted cite omitted).

Plaintiff's alleged unfair polygraph test occurred in March, 2010. Plaintiff withdrew his consent to treatment in June, 2010, both events occurring about three years before filing this lawsuit in April, 2013. To the extent Plaintiff states a federal claim arising from those events, the claim is clearly barred by the statute of limitations, by Plaintiff's own allegations.

Similarly, Plaintiff's claim arising from Defendant Pennock's temporary delay in sending mail, certified or otherwise, arose in the Fall of 2010, also outside the two-year statute of limitations even if the allegations state a claim, *see* Schroeder v. Drankiewicz, 2013 WL 1222750 (7th Cir. 2013)(no First Amendment violation for two-month delay in permitting prisoner to send birthday cards to daughters)(unpublished, collecting cases)(attached to this order).

No federal claim is stated based on the refusal of the Post Office or the Sheriff's Office to properly investigate and take action on Plaintiff's complaints, regardless of when those events occurred. Whitlock v. Brueggemann, 682 F.3d 567, 589 (7th Cir. 2012)("There is no affirmative duty on police to investigate.").

Lastly, this Court cannot invalidate Plaintiff's polygraph results. If Plaintiff seeks to challenge the reliability of those results,

he has at least two avenues available: 1) the internal appeal within the facility, which Plaintiff was allowed to pursue; and 2) a motion in Plaintiff's sexually violent proceedings in state court, which Plaintiff is also pursuing.

Plaintiff's amended complaint therefore must be dismissed. However, Plaintiff will be given leave to file an amended complaint to the extent Plaintiff seeks to challenge a current refusal to allow him back into sex offender treatment. Plaintiff does not appear to be making this claim, but the Court is unsure enough to allow the opportunity for amendment.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is granted due to Plaintiff's indigency (d/e 3). However, Plaintiff's amended complaint is dismissed because Plaintiff fails to state a claim for federal relief and because his federal claims are barred by the two-year statute of limitations. The Court does not address Plaintiff's state claims at this time, since federal jurisdiction is presently lacking.

2. Plaintiff's motion to file a supplemental pleading is denied (d/e 10) as unnecessary. The motion is an elaboration of Plaintiff's

claims but does not cure the legal defects of the claims Plaintiff pursues in his amended complaint.

3. If Plaintiff is currently being denied sex offender treatment, Plaintiff may file an amended complaint by December 1, 2013, setting forth Plaintiff's efforts to obtain treatment and Defendants' responses.

ENTERED: November 18, 2013

FOR THE COURT:

                    **s/Sue E. Myerscough**
                    SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE