UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FRANKIE N. WALKER,            )
                              )
    Plaintiff,                )
                              )
    v.                        )    13-CV-3079
                              )
SHAN JUMPER, et al.,          )
                              )
    Defendants.               )
                              )

**MERIT REVIEW OPINION**

On November 18, 2013, the Court dismissed Plaintiff's complaint because Plaintiff failed to state a claim and because his claims were barred by the statute of limitations. (d/e 14.) Plaintiff was given leave to file an amended complaint if he is currently being denied sex offender treatment.

Plaintiff has filed a second amended complaint alleging that Dr. Louck is conditioning Plaintiff's participation in sex offender treatment on passing a polygraph examination. The subject of the polygraph examination will be the same subject explored in an

allegedly improper and false polygraph conducted in 2010, which was allegedly done to sabotage Plaintiff's efforts to obtain release.  According to Plaintiff, the Judge in Plaintiff's state court commitment proceedings ruled that the 2010 polygraph results were not admissible in those proceedings.  Plaintiff maintains that conditioning his treatment on passing a new polygraph test about the same subject violates the state court order and violates Plaintiff's constitutional right to treatment for his mental disorder.  Dr. Louck has also allegedly conditioned Plaintiff's treatment in sex offender programs on first completing ancillary programs as a way of stalling Plaintiff's treatment progress.

Plaintiff states an arguable constitutional claim that he is being denied treatment for his serious mental disorder.  Deference must be given to the mental health professionals, but at this point not enough information is in the record to determine whether Dr. Louck's decision is an exercise of professional judgment or a substantial departure therefrom.  Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009)(Deliberate indifference arises "if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate

that the person responsible actually did not base the decision on such a judgment.")

However, this claim is stated only against the persons who are currently responsible for Plaintiff's mental health treatment. Of the Defendants named, only Defendants Jumper, Groot, and Roth are current employees who might be personally responsible for Plaintiff's mental health treatment decisions. Though Plaintiff does not name Dr. Louck as a Defendant, most of the allegations about Plaintiff's present treatment are against Dr. Louck. Dr. Louck will therefore be added as a Defendant. As for Liberty Healthcare Corporation, no plausible inference arises from the factual allegations that Dr. Louck's requirements are attributable to a corporate policy. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978)(discussing standard for municipal liability for constitutional violations); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation);.

Plaintiff asks for reconsideration of the Court's conclusion that constitutional claims arising from the 2010 polygraph are barred by the statute of limitations. He argues that the injuries from that

polygraph are continuing. However, the completion of the violation, not the end of the injury, determines when a cause of action accrues. See Turley v. Rednour, 729 F.3d 645, 651 (7th Cir. 2013). The Court is still of the opinion that Plaintiff's claims arising from alleged misconduct which occurred in 2010 are untimely.

**IT IS ORDERED:**

1. Dr. A. Louck is added as a Defendant.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a constitutional claim arising from the alleged refusal to allow Plaintiff to participate in sex offender treatment without completing prerequisites such as a polygraph test and certain programs. This claim is stated against the following Defendants: Jumper, Louck, Roth, and Groot. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Liberty Healthcare Corporation, Julie Oberhausen, Chad Oberhausen, Bobby Leebold, Jessica Tucker, Sandra Simpson, Thomas Ivey, and Larry Phillips are dismissed.

4.  This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5.  The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

6.  With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    7. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13.   **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

14.   **The Clerk is directed to terminate Defendants Julie Oberhausen, Chad Oberhausen, Bobby Leebold, Jessica Tucker, Sandra Simpson, Thomas Ivey, and Larry Phillips.**

15.   **The Clerk is directed to add Dr. A. Louck as a Defendant.**

ENTERED:   January 31, 2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
