UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FRANKIE N. WALKER, )
　 )
　Plaintiff, )
　 )
　v. ) 13-CV-3079
　 )
SHAN JUMPER, et al., )
　Defendants. )

**OPINION**

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. Pursuant to the Court's 1/31/14 Order, the claim in this case is about the alleged refusal to allow Plaintiff to participate in sex offender treatment without completing prerequisites such as a polygraph test and certain programs that allegedly are designed only to stall Plaintiff's treatment.

On January 27, 2015, the Court directed Plaintiff to sign an authorization to release his DHS clinical records from 2010 to the present.  Plaintiff refused to sign the authorization, prompting Defendants to file a motion to show cause why this case should not be dismissed with prejudice.

Plaintiff asserts in his response to the motion to show cause that the Court has been biased and incorrect in its rulings. Plaintiff will be able to challenge all of the Court's rulings on appeal after a judgment is entered. The Court's rulings are not a reason not to comply with the Court's orders and are not a reason not to cooperate in discovery.

Plaintiff also contends that his records from 2010 are irrelevant because this Court has limited his claims to 2013. The Court has not limited Plaintiff's claims to the year 2013. The Court has ruled that Plaintiff's challenge to his March, 2010 polygraph is barred by the statute of limitations. (11/18/13 Order, p. 6.) The claim in this case is about the "alleged refusal to allow Plaintiff to participate in sex offender treatment without completing prerequisites such as a polygraph test and certain programs." (1/31/14 Order, p. 4.) The claim proceeding is subject to the same two-year statute of limitations, which (barring exceptions) would extend back to April 2011, since Plaintiff filed this case on April 1, 2013. Further, Plaintiff's records outside of the two-year period could be relevant to the claims and defenses in this case. The records may be necessary to show Plaintiff's diagnosis and to

provide background for Defendants' treatment decisions that fall within the two-year period.  Whether the records actually are relevant and admissible is a decision that will be made on summary judgment or at trial.

    Plaintiff next argues that his records are protected by the psychotherapist-patient privilege.  However, Plaintiff's clinical records are directly relevant to his claim of inadequate mental health treatment.  The records will show what treatment Plaintiff has been offered and given. Because Plaintiff has put his mental condition and treatment directly at issue, the privilege does not protect the records from disclosure.  See Doe v. Oberweis Dairy, 456 F.3d 704 (7th Cir. 2006)(psychotherapist-patient privilege did not apply where the plaintiff put her psychological state at issue by claiming emotional damages); Caine v. Burge, 2012 WL 6720597 (N.D. Ill. 2012)(plaintiff waived psychotherapist privilege by making his psychological treatment an issue in the case).  The use of the records will be subject to the protective order already in place, and the parties may file appropriate motions if they wish the records to be sealed or wish the Court to conduct an in camera review.

**IT IS ORDERED THAT:**

(1) Plaintiff's clinical records from 2010 to the present are directly relevant to the claims and defenses in this case. Defendants are authorized to serve subpoenas to obtain the records, and the Illinois Department of Human Services is authorized to release the records to defense counsel. The records that are produced shall be subject to the protective order already in place.

(2) **Defendants' motion is denied (76) to the extent Defendants request dismissal of this case. The motion is granted to the extent Defendants ask for an extension of deadlines.**

(3) **Discovery is extended to February 29, 2016.**

(4) **The dispositive motion deadline is extended to March 31, 2016.**

ENTERED: December 11, 2015

FOR THE COURT:

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
